# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

MACBAIN PROPERTIES (COLORADO) INC.
a Colorado corporation,

Plaintiff,
v.
GREAT NORTHERN INSURANCE COMPANY,
an Indiana insurance corporation,

Defendant.

___

## NOTICE OF REMOVAL
___

Defendant, Great Northern Insurance Company ("GNIC"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.Colo.L.Civ.R. 81.1, removes this civil action from the Denver County District Court, Colorado to the United States District Court for the District of Colorado. In support of this Notice of Removal, Great Northern will show the Court as follows:

1. GNIC is the Defendant in a civil action pending in the Denver County District Court, Colorado and entitled *MacBain Properties (Colorado) Inc. v. Great Northern Insurance Company*, Case No. 2017CV34219. A copy of the file from the state court is attached hereto. Specifically, the Complaint is attached as **Exhibit A**, the Civil Case Cover Sheet is attached as **Exhibit B**, the Delay Reduction Order is attached as **Exhibit C**, the Order to Show Cause is attached as **Exhibit D**, the Response to Order to Show Cause is attached as **Exhibit E**, the Return of Service is attached as **Exhibit F**, an Entry of Appearance is attached hereto as **Exhibit G**, an Unopposed Motion for Extension of Time to Respond to the Complaint is attached hereto

as **Exhibit H**, an Order Granting the Unopposed Motion for Extension of Time is attached hereto as **Exhibit I** and a current docket sheet is attached hereto as **Exhibit J**.

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable. The Complaint was filed on November 13, 2017. Plaintiff served its Complaint on GNIC, via its Registered Agent, on January 25, 2018. The thirty-day period for removal commenced on January 25, 2018, the date GNIC's Registered Agent was served with the Complaint. 28 U.S.C. § 1446(b).

3. Plaintiff alleges the following claims for relief against GNIC: (1) breach of contract; (2) bad faith breach of insurance contract and (3) unreasonable delay and denial of covered benefits pursuant to C.R.S. §§ 10-3-1113(3), 1115, and 1116;

### Diversity of Citizenship

4. Plaintiff is a Colorado corporation with its principal place of business in Calgary, Alberta. *See* Complaint at ¶1, **Exhibit A.** Defendant GNIC is incorporated in the State of Indiana with its principal place of business in Indiana. *See* Periodic Report on file with Colorado Secretary of State, attached as **Exhibit K**.

5. Plaintiff is a citizen of both the State of Colorado and the Province of Alberta. GNIC is a citizen of the State of Indian. Therefore there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

6. To meet the jurisdictional requirement under 28 U.S.C. § 1332, GNIC must establish that Plaintiff's damages could exceed $75,000.00 exclusive of interest and costs. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). "The amount in controversy is not

proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

7. The Civil Cover Sheet filed with Plaintiff's Complaint indicates that Plaintiff is seeking judgment in excess of $100,000.00. *See* Civil Cover Sheet, **Exhibit B.** This alone is sufficient evidence to support that the amount in controversy exceeds $75,000. *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).

8. If Plaintiff is able to prove that Defendant unreasonably delayed payment of Plaintiff's claim for benefits, Plaintiff is also entitled to two times the covered benefit, plus reasonable attorneys' fees. C.R.S. § 10-3-1116(1); *see also Stamey v. Nat'l Gen. Ins. Co., No. 15-CV-0560-WJM-MJW, 2015 WL 5719654, at *2 (D. Colo. Sept. 30, 2015)*. Plaintiff's Complaint acknowledges this result and specifically demands attorneys' fees in addition to two times the covered benefit. *See Complaint,* **Exhibit A**, ¶ 39.

9. Accordingly, this Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceed $75,000.00.

10. Promptly upon filing this Notice of Removal, GNIC shall give written notice of the filing to Plaintiff as required by law. GNIC is concurrently filing a notice attaching this Notice of Removal with the clerk of the District Court, Denver County, Colorado where this action was originally filed.

**WHEREFORE,** Great Northern Insurance Company requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 23rd day of February, 2018.

                                      FORAN GLENNON PALANDECH
                                      PONZI & RUDLOFF PC

                                      By: *s/ Jeri J. Wettestad*
                                            Amy M. Samberg
                                            Jeri J. Wettestad
                                            1600 Broadway, Ste. 2425
                                            Denver, Colorado 80202
                                            Telephone:  (720) 336-2244
                                            asamberg@fgppr.com
                                            jwettestad@fgppr.com
                                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 23, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fritz W. Ganz
Ganz Legal Counsel, Ltd.
2619 Champa Street
Denver, CO 80205
(720) 837-5124
fritz@ganz.legal

*Attorneys for Plaintiff*

                                                          *s/ Letitia Conroy*
                                                          Letitia Conroy