| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202<br>(720) 865-8301<br><br>**Plaintiff:** MACBAIN PROPERTIES (COLORADO) INC., a Colorado corporation,<br><br>v.<br><br>**Defendant:** GREAT NORTHERN INSURANCE COMPANY, an Indiana insurance corporation<br><br>**Attorneys for Plaintiff:**<br>Fritz W. Ganz #31912<br>GANZ LEGAL COUNSEL, LTD.<br>2619 Champa Street<br>Denver, Colorado 80205<br>Telephone: (720) 837-5124<br>Facsimile: (720) 739-8311<br>E-mail: fritz@ganz.legal | DATE FILED: November 13, 2017 2:08 PM<br>FILING ID: 9A4FB36CB67AB<br>CASE NUMBER: 2017CV34219<br><br><br><br>▲ COURT USE ONLY ▲<br><br>Case Number: _____<br><br>Div.: ____ |
| **COMPLAINT** ||

Plaintiff, MACBAIN PROPERTIES (COLORADO) INC. ("MacBain"), by and through its undersigned counsel, hereby serves its Complaint against Defendant, GREAT NORTHERN INSURANCE COMPANY ("Chubb"), and states:

### STATEMENT OF FACTS

1. MacBain is a Colorado corporation with a principal mailing address of 500, 505 – 2nd Street SW, Calgary, Alberta T2P 1N8.

2. Chubb is an Indiana insurance corporation doing business in the City and County of Denver, Colorado with a principal street address of One American Square, Suite 1350, Indianapolis, In, 46204, USA.

3. At all relevant times, MacBain was (i) the successor ground lessee of the land commonly known as 1630 Welton Street, Denver, Colorado 80202 (the "Land") and (ii) the sole owner of the building and improvements located on the Land (collectively, the "Building," and together with the Land, sometimes referred to as the "Property") pursuant to a certain Lease dated

**Exhibit A**

February 1, 1972 (the "Ground Lease"), originally by and among Louis W Mack, Jr., The First National Bank of Denver, Colorado, as trustee for Barbara Mack McKay, and The First National Bank of Denver, Colorado, as trustee for Irma T. Mack, as "Lessors" and First S. & L. Building Co., a Colorado corporation, as "Lessee".

4. At all relevant times, MacBain, successor in interest to 1630 Welton Limited Liability Company ("1630 Welton"), as landlord, and Wellbridge CAC-Downtown, LLC, a Colorado limited liability company ("Wellbridge"), successor in interest to Club Sports International-CACD, Inc., as tenant, were parties to a certain Commercial Lease dated January 1, 1997, as amended (the "Lease"), covering the sixth, seventh, eighth and ninth floors and portions of the roof of the Building (the "Leased Premises"). The Lease has since terminated.

5. Wellbridge's operations on the Leased Premises caused water and steam to leak, directly resulting in damage to the sixth floor and other portions of the Property. As a result, Wellbridge materially breached certain provisions of the Lease, giving rise to several Events of Default as that term is defined under the Lease, and caused and continues to cause damage to the Leased Premises as well as portions of the Property to which Wellbridge had no right of ownership, possession or use.

6. MacBain is an additional insured under Policy Number 3591-45-78 (the "Policy") issued by Chubb covering the Building. A full and complete copy of the Policy is attached hereto as Exhibit 1.

7. On or about June 13, 2014, MacBain reported its loss to the Insurer in accordance with the terms of the Policy (the "Claim"). A copy of the MacBain's Property & CGL Loss Report Form is attached as Exhibit 2.

8. By letter dated August 23, 2016 ("Denial of Coverage Letter"), Chubb denied coverage of MacBain's Claim. A copy of the Denial of Coverage Letter is attached hereto as Exhibit 3.

9. MacBain filed suit against Wellbridge in District Court, City and County of Denver, State of Colorado, under Case Number 2016CV30529 ("Original Suit") for recovery of damages, which Underlying Suit and all pleadings and filings thereunder are incorporated by reference as if fully set forth herein.

10. In response to the Original Suit, Wellbridge alleged certain counterclaims against MacBain.

11. MacBain and Wellbridge subsequently settled the Underlying Suit for an amount less than its total damages.

**Exhibit A**

## JURISDICTION AND VENUE

12. Jurisdiction and venue are proper in this Court pursuant to Article VI, §9 of the Constitution of the State of Colorado and Colorado Rule of Civil Procedure 98.

13. MacBain has standing to bring this action as owner of the Building, landlord under the Lease and an additional insured under the Policy.

14. All conditions precedent to bringing this suit have been performed or have occurred.

## GENERAL ALLEGATIONS

15. The facts contained in paragraphs 1 through 14, including the matters referenced in paragraph 9, are incorporated by reference herein.

16. By denying coverage for MacBain's Claim, Chubb is in breach of its duties and obligations under the Policy.

17. Chubb failed to indemnify MacBain for its property damages as required under the Policy.

18. Chubb failed to indemnify and defend MacBain against the counterclaims brought by Wellbridge in the Original Suit.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

19. The alleged facts and general allegations contained in paragraphs 1 through 18, including the matters referenced in paragraph 9, are incorporated by reference herein.

20. Chubb and MacBain were parties to the Policy, an insurance contract.

21. Under the Policy, Chubb had the duty to indemnify MacBain for its property damage losses and defend MacBain against counterclaims asserted by Wellbridge, a third party, in the Underlying Action.

22. Chubb breached its contractual duties with MacBain by failing to perform it obligations as set forth under the terms of the Policy.

23. As a result of Chubb's breaches, MacBain suffered damages, in an amount to be proven at trial.

**Exhibit A**

24. MacBain is entitled to all direct, indirect, consequential, special and compensatory damages sustained as a result of Chubb's breaches including attorneys' fees and costs paid or incurred by MacBain in bringing and maintaining this action as may be allowed by law.

## SECOND CLAIM FOR RELIEF
## BAD FAITH BREACH OF INSURANCE CONTRACT

25. The alleged facts and general allegations contained in paragraphs 1 through 18, including the matters referenced in paragraph 9, are incorporated by reference herein.

26. MacBain suffered losses and damages, in an amount to be proven at trial.

27. Chubb acted unreasonably in failing to defend MacBain and denying coverage for MacBain's Claim.

28. Chubb knew that its position was unreasonable, or it recklessly disregarded the fact that its position was unreasonable.

29. Chubb's unreasonable position was a cause of MacBain's damages.

30. MacBain is entitled to all direct, indirect, consequential, special and compensatory damages sustained as a result of Chubb's breaches including attorneys' fees and costs paid or incurred by MacBain in bringing and maintaining this action as may be allowed by law.

## THIRD CLAIM FOR RELIEF
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING /
## DECEPTIVE PRACTICES

31. The facts and allegations contained in paragraphs 1 through 18, including the matters referenced in paragraph 9, are incorporated by reference herein.

32. Chubb is the insurer to MacBain under the Policy.

33. Chubb failed to act in good faith and to deal fairly with MacBain in performing its duties under Policy.

34. MacBain relied upon the covenant of good faith and fair dealing in its performance under Policy and reasonably and justifiably expected Chubb would act as a "quasi-fiduciary" to MacBain as its insurer.

35. Pursuant to C.R.S. § 10-3-1115, an insurer shall not unreasonably deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

**Exhibit A**

36. MacBain is a first-party claimant under the Policy.

37. Chubb denied payment of benefits to MacBain.

38. Chubb's denial of payment was without a reasonable basis.

39. As a direct and proximate result of Chubb's failure to act in good faith and to deal fairly with MacBain, MacBain suffered damages, in an amount to be proven at trial. MacBain is entitled to all direct, indirect, consequential, special and compensatory damages sustained as a result of Chubb's breaches including attorneys' fees and costs paid or incurred by MacBain in bringing and maintaining this action as may be allowed by law. Pursuant to C.R.S. § 10-3-1116, MacBain is entitled to recover reasonable attorney fees and court costs and two times the covered benefit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MacBain Properties (Colorado) Inc., hereby requests that judgment be entered against Defendant, Great Northern Insurance Company, on all claims set forth above, and that this Court award Plaintiff damages and all other relief this Court deems just and fair.

RESPECTFULLY SUBMITTED this 13th day of November, 2017.

*s/ Fritz W. Ganz*
GANZ LEGAL COUNSEL, LTD.
Fritz W. Ganz, #31912
2619 Champa Street
Denver, Colorado 80205
Phone: (720) 837-5124
Email: fritz@ganz.legal

**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Address:
500, 505 – 2nd Street SW
Calgary, Alberta T2P 1N8

**Exhibit A**